```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

GEORGES MOUCHANTAF,
d/b/a INTERNATIONAL PRESENTATION
OF PERFORMERS,

                Plaintiff,              05 Civ. 377 (MGC)

     - against -                              OPINION

INTERNATIONAL MODELING AND
TALENT ASSOCIATION,

                Defendant.
----------------------------------X
```

APPEARANCES:

       HANTMAN & ASSOCIATES
       Attorneys for Georges Mouchantaf
       432 Park Avenue South, 2nd Floor
       New York, NY 10016

       By:  Robert J. Hantman, Esq.
           Holly R. Pack, Esq.


       KELLEY DRYE & WARREN LLP
       Attorneys for International Modeling
       And Talent Association
       101 Park Avenue
       New York, NY 10178

       By:  Robert L. Haig, Esq.
           Robert I. Steiner, Esq.

**CEDARBAUM, J.**

Defendant International Modeling and Talent Association ("IMTA") moves under the Colorado River abstention doctrine to dismiss the complaint filed by plaintiff Georges Mouchantaf. For the reasons that follow, IMTA's motion is granted.

BACKGROUND

On December 28, 2004, Mouchantaf commenced this action in the Supreme Court of New York County. The complaint alleges that in 1987 Mouchantaf co-founded IMTA with his business partner, Helen Rogers, for the purpose of organizing annual conventions and events in which aspiring models and actors are presented to professionals in the entertainment industry. In 1991, Mouchantaf sold his interest in IMTA to George Chesteen, the current owner and chief officer of IMTA, pursuant to a stock purchase agreement. Under that agreement, Mouchantaf contracted to work for IMTA for a period of three years at a stipulated salary. At the end of that period, IMTA was required to pay Mouchantaf 10% of its gross annual income in excess of $1.7 million. The agreement also contained a perpetual non-compete provision that precludes Mouchantaf from ever competing with IMTA.

The complaint also alleges that in early 2004, Mouchantaf started a new business, International Presentation of Performers ("iPOP"), for the purpose of organizing events to showcase

2

aspiring actors and models to entertainment professionals. When IMTA learned about iPOP, it contacted Mouchantaf's prospective clients and informed them that Mouchantaf was in breach of his non-compete obligation under the 1991 stock purchase agreement.

Mouchantaf commenced an action for (1) a declaration that the non-compete agreement is unenforceable, (2) an injunction to prevent IMTA from tortiously interfering with Mouchantaf's business relations, and (3) damages for IMTA's failure to pay him all sums due under the stock purchase agreement.

On January 13, 2005, IMTA removed this action to federal court on diversity grounds, and then moved to dismiss the complaint. IMTA contends that there is a pending state action involving the same parties, facts, and legal issues, and that this court should accordingly abstain under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

On October 1, 2004, nearly three months before this action was commenced, IMTA filed a complaint in the Superior Court of Arizona, Maricopa County, against Mouchantaf and his Arizona corporation, World Talent, Inc. The complaint alleges that Mouchantaf violated the non-compete agreement by soliciting IMTA's customers to participate in events organized by iPOP. IMTA seeks damages arising from Mouchantaf's breach of the non-compete agreement, as well as injunctive relief to prevent him from competing with IMTA.

On December 6, 2004, IMTA's action against Mouchantaf and World Talent was consolidated with another action brought by IMTA against Mouchantaf's former business partner, Helen Rogers, based on similar allegations of breach of a non-compete agreement. On November 15, 2004, World Talent filed an answer, and Mouchantaf moved to dismiss the action for improper venue or, in the alternative, to transfer the action to New York. On November 6, 2004, World Talent amended its answer, asserting counterclaims and seeking (1) a declaration that the non-compete agreement is unenforceable, and (2) damages for IMTA's tortious interference with World Talent's business relations and for IMTA's defamatory statements to third-parties. Mouchantaf's motion to dismiss or transfer was denied by the Arizona court on January 7, 2005. Discovery in the Arizona action has been proceeding.

## DISCUSSION

Abstention under <u>Colorado River</u> rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Colorado River</u>, 424 U.S. at 817. <u>Colorado River</u> abstention, however, is an "extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction," and applies only "in exceptional circumstances where the order to the parties to repair to state court would clearly serve a countervailing

4

interest." FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999).

To determine whether abstention is appropriate, a federal court "must weigh six factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Burnett v. Physician's Online, Inc., 99 F.3d 72, 76 (2d Cir. 1996) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)) (internal quotation marks omitted). The six factors are: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." FDIC, 178 F.3d at 101; accord Burnett, 99 F.3d at 76. The decision to abstain does not depend "on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." FDIC, 178 F.3d at 101.

Before considering the factors set forth in Colorado River, a threshold determination is "whether the state and federal proceedings are indeed parallel, i.e., whether substantially the same parties are litigating the same issues in a state forum." Kshel Realty Corp. v. City of New York, No. 01 Civ. 9039 (LMM), 2003 WL 21146650, *5 (S.D.N.Y. May 16, 2003) (quoting United Nat'l Ins. Co. v. Waterfront N.Y. Realty, Corp., 948 F. Supp.

5

263, 271 (S.D.N.Y. 1996)) (internal quotation marks omitted); accord Great South Bay Medical Care, P.C. v. Allstate Insurance Co., 204 F. Supp.2d 492, 497 (S.D.N.Y. 2002). IMTA and Mouchantaf are both parties to the Arizona action. The gravamen of the two actions is virtually identical. Both actions center on the enforceability of the non-compete agreement and on IMTA's allegedly tortious interference with Mouchantaf's business relations. While the Arizona action involves additional defendants not parties here, that fact does not render the proceedings non-parallel. See Great South Bay, 204 F. Supp.2d at 497. The fact that Mouchantaf asserts an additional claim for sums due under the agreement likewise does not distinguish the actions for purposes of Colorado River. Mouchantaf has not argued that he is precluded from asserting this claim, which involves the same parties and the same contract, in the Arizona action. See Wiggin & Co. v. Ampton Invs., Inc., 66 F. Supp.2d 549, 553 (S.D.N.Y. 1999) (Colorado River abstention was warranted where plaintiff "can assert (as counterclaims) the same claims raised here" in the parallel state action); see also Telesco v. Telesco Fuel and Masons' Materials, Inc., 765 F.2d 356, 362 (2d Cir. 1985); Great South Bay, 204 F. Supp.2d at 497. Consideration of Colorado River abstention in this case is therefore appropriate.

A.    Assumption of jurisdiction over res

There is no res or property involved in the dispute between IMTA and Mouchantaf. The absence of a res is a factor that weighs slightly in favor of retaining jurisdiction. See Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 523 (2d Cir. 2001); Wiggin, 66 F. Supp.2d at 552-53.

B.    Inconvenience of the forum

Although Mouchantaf resides in New York, IMTA's principal place of business is in Arizona. The stock purchase agreement at the center of the parties' dispute was executed in Arizona while Mouchantaf was residing there. Mouchantaf's company, World Talent, a defendant in the Arizona action, is an Arizona corporation. Although witnesses other than the parties are likely to be found throughout the country, on balance, the convenience factor slightly favors Arizona.

C. <u>Desirability of avoiding piecemeal litigation</u>

The Supreme Court has stated that "the most important factor in our decision to approve the dismissal [in <u>Colorado River</u>] was the 'clear federal policy ... [of] avoidance of piecemeal adjudication.'" <u>Cone Mem'l Hosp</u>., 460 U.S. at 16 (quoting <u>Colorado River</u>, 424 U.S. at 819). The predominant concern expressed in <u>Colorado River</u> and its progeny is "the avoidance of piecemeal or purely duplicative litigation and the concomitant waste of judicial resources." <u>Inn Chu Trading Co. v. Sara Lee Corp.</u>, 810 F. Supp. 501, 508 (S.D.N.Y. 1992).

This factor is of paramount importance in this case. Given the identity of issues in the state and federal actions, the existence of concurrent proceedings creates "the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first, [which would be] prejudicial, to say the least, to the possibility of reasoned decision making by either forum." <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 F.2d 205, 211 (2d Cir. 1985) (quoting <u>Arizona v. San Carlos Apache Tribe of Arizona</u>, 463 U.S. 545, 567-68 (1983)) (internal quotation marks omitted). Moreover, the potentiality for inconsistent dispositions of claims might "breed additional litigation on assertions of claim and issue preclusion," which would clearly be wasteful. <u>Id.</u>

8

Since the New York and Arizona actions center on identical issues and are inextricably intertwined, the avoidance of piecemeal and duplicative litigation is a decisive factor favoring abstention in this case. See Telesco, 765 F.2d at 362 (affirming abstention in part because "the federal and state actions are essentially the same"); Radioactive, J.V. v. Manson, 153 F. Supp.2d 462, 474-75 (S.D.N.Y. 2001) (abstaining where complaint was duplicative of cross-complaint filed in state court, raising the same claims and legal issues); Inn Chu Trading, 810 F. Supp. at 508 (abstaining where the "linchpin of [plaintiff's] contract claims against both defendants" was "[t]he same issue ... at the core of the state action ... [creating] a strong likelihood of needless duplication of the state proceeding.").

D. <u>Order in which the actions were filed</u>

In evaluating this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Cone Mem'l Hosp., 460 U.S. at 21; accord Arkwright-Boston, 762 F.2d at 211. The Arizona action was filed first and has progressed farther. The Arizona court has denied defendants' motion to dismiss that action. Answers have been filed, asserting as counterclaims two of the three claims Mouchantaf

9

asserts here.  Discovery commenced some time ago, and depositions have already been taken.

In contrast, no answer has yet been filed in this action, and discovery has not begun.  This factor, therefore, weighs in favor of abstention.

E. The law providing the rule of decision

This diversity action raises issues of state law only. Nevertheless, because the state law issues are neither novel nor particularly complex, the absence of federal claims weighs only slightly in favor of abstention. See De Cisneros v. Younger, 871 F.2d 305, 309 (2d Cir. 1989); Wiggin, 66 F. Supp.2d at 554.

F. Protection of plaintiff's rights in state court

There is no reason to believe, and Mouchantaf has provided none, that the Arizona court cannot protect Mouchantaf's procedural and substantive rights. There is likewise no question that the full range of remedies available to Mouchantaf in this court would be available in the Arizona action. The final factor accordingly weighs in favor of abstention. See Wiggin, 66 F. Supp.2d at 553.

G. Balancing the factors

The balance of factors overwhelmingly favors abstention in this action. All but the first factor, which only slightly weighs against abstention, favor abstention. As this Court has observed, duplicative actions in different courts "decrease the chances of both settlement and efficient resolution of the underlying dispute." Radioactive, 153 F. Supp.2d at 477. Permitting this action to proceed, therefore, would be

11

inconsistent with "wise judicial administration, .... [the] conservation of judicial resources, and [the] comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

CONCLUSION

For the foregoing reasons, this court abstains. Accordingly, defendant's motion to dismiss is granted.

SO ORDERED.

Dated:  New York, New York
        May 6, 2005

                              S/ _____
                                    MIRIAM GOLDMAN CEDARBAUM
                                    United States District Judge